IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO BUCKLEY,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:06-CV-0257-A |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Antonio Buckley #729627, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Fort Stockton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURE HISTORY

On September 15, 1995, Buckley was adjudged guilty of first-degree aggravated robbery

with a deadly weapon for an offense occurring on November 12, 1994, in the 213th District Court of Tarrant County, Texas, and was sentenced to ten years' confinement. *Ex parte Buckley*, Application No. 60,884-01, at 13, 30. Buckley was released on parole in 2001. (Resp't Answer, Exhibit A.) On March 22, 2004, a warrant issued for his arrest due to violations of his parole, and his parole was revoked, after a hearing, on May 7, 2004, by the Texas Board of Pardons and Paroles (the Board). (Parole Revocation Packet at 1, 19.) Buckley sought credit toward his sentence for the time he spent on parole–i.e., street time, through the prison's time dispute resolution process to no avail. (Resp't Answer, Exhibit A.) TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). He also filed two state applications for writ of habeas corpus seeking credit toward his sentence for his street time. The first was dismissed without written order by the Texas Court of Criminal Appeals due to Buckley's failure to first pursue time credit dispute resolution under § 501.0081(b)-(c). *Id.* § 501.0081(b)-(c); *Ex parte Buckley*, Application No. 60,884-01, at cover. The second application was denied on the merits without written order. *Ex parte Buckley*, Application No. 60,884-02, at cover. Buckley filed this federal petition for writ of habeas corpus on April 6, 2006. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

## D. ISSUES

Buckley claims that TDCJ and the Board have violated his constitutional rights under the due process and equal protection clauses by denying him credit for street time to which he is entitled pursuant to § 508.283 of the Texas Government Code.[1] (Petition at 7; Pet'r Memorandum in

---

[1] Buckley refers to both "calendar time" and "street time" credit in his memorandum, however, he fails to make any distinction between the two. Nevertheless, there is no proof that he has been denied actual time served on his sentence.

2

Support at 2-9.) TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004).

E.  RULE 5 STATEMENT

Quarterman believes that Buckley has sufficiently exhausted his state remedies on the issue presented as required by 28 U.S.C. § 2254(b) and (c). (Resp't Answer at 3.)

F.  DISCUSSION

Buckley contends that he is entitled to street time credit under § 508.283(c) because he has met the statute's midpoint requirements and he has no prior or current convictions described under § 508.149(a). Section 508.283(c), grants certain offenders, who have their parole or mandatory supervision revoked on or after September 1, 2001, credit for the portion of time they spent on parole or mandatory supervision.

> Section 508.283 provides, in relevant part:
>
> (b) If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.
>
> (c) If the parole, mandatory supervision or conditional pardon of a person other than *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN § 508.283(b), (c) (emphasis added).

3

Section 508.149(a), entitled "Inmates Ineligible for Mandatory Supervision," provides, in relevant part:

> (a) An inmate may not be released to mandatory supervision if the inmate is *serving a sentence for* or has been previously convicted of:
>
> (1) an offense for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure;
>
> . . .
>
> (10) a first degree felony under Section 29.03 [for aggravated robbery], Penal Code . . . .

*Id.* § 508.149(a)(1), (10) (emphasis added).

Although § 508.283 may apply to Buckley's case given that his parole revocation occurred after September 1, 2001, because he is serving a sentence for first-degree aggravated robbery and the judgment of conviction contains an affirmative deadly weapon finding, he is "a person described by Section 508.149(a)."[2] Accordingly, § 508.283(b) applies to his case. Contrary to Buckley's assertion, he does not qualify for relief under § 508.283(c), and he has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). It is well established that, as a matter of federal due process, a Texas parole violator has no constitutional right to credit on his sentence for time spent on parole. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997);

---

[2]The Texas Court of Criminal Appeals has held that in determining an inmate's eligibility for mandatory supervision, the governing statute is the one that was in effect when the offense was committed. *Ex parte Mabry*, 137 S.W.3d 58, 59-60 (Tex. Crim. App. 2004) (en banc). Under the law in effect when Buckley committed the holding offense, he also fell under the purview of then article 42.18, § 8(c) of the Texas Code of Criminal Procedure, and the result is the same. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 888, § 2, 1993 Tex. Gen. Laws 3533, 3534-357.

4

*Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Hamill v.* Wright, 870 F.2d 1032, 1036-37 (5th Cir. 1989); *Starnes v. Cornett*, 464 F.2d 524, 524 (5th Cir. 1972). Nor has Buckley demonstrated that the state's interpretation and/or application of § 508.283 is impermissibly discriminatory.

Buckley has failed to prove that he has been denied any constitutionally protected right. Absent a claim that Buckley has been deprived of some right secured to him by the United States Constitution or laws, habeas relief is not available. *Thomas v. Torres,* 717 F.2d 248, 249 (5th Cir. 1983).

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that Buckley's petition for writ of habeas corpus be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 7, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 7, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 14, 2007.

      /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE